**EN DI HUANG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 04–4429–ag.

United States Court of Appeals,
Second Circuit.

Feb. 21, 2007.

Gang Zhou, New York, NY, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Paul D. Silver, Assistant United States Attorney, Albany, NY, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

En Di Huang, a native and citizen of the People's Republic of China, seeks review of a July 21, 2004, order of the BIA affirming the June 3, 2003, decision of Immigration Judge ("IJ") Adam Opaciuch denying his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re En Di Huang*, No. A77 316 772 (B.I.A. Jul. 21, 2004), *aff'g* No. A77 316 772 (Immig. Ct. N.Y. City Jun. 3, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it

could be confidently predicted that the IJ would adhere to the decision were the case remanded). Inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they need not be fatal if they are minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). To form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 308–09 (2d Cir.2003).

■ Here, the BIA properly affirmed the IJ's denial of Huang's applications for relief, based on the IJ's finding that he was not credible. Substantial evidence in the record, as a whole, supports this adverse credibility determination, because the IJ identified inconsistencies within Huang's testimony and between that testimony and the record. First, the IJ correctly noted that Huang's testimony as to the date that he left China differed from the information that Huang provided on his asylum application. Though, when the Government pointed this error to him, Huang tried to explain the discrepancy by saying that he misunderstood the question, the IJ was not compelled to credit his explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so).

The IJ's adverse credibility finding was further supported by the fact that the abortion certificate that Huang submitted did not prove that his girlfriend was subjected to a forced abortion, as the State Department Profile submitted by the Government asserts that abortion certificates are issued only to persons who undergo

the procedure voluntarily. Indeed, we have found State Department reports to be probative, *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006), and that an IJ may properly disbelieve an asylum applicant's claim that the Chinese government issued an "abortion certificate" following an involuntary abortion, when the State Department reports that its officials are "unaware" of the Chinese government issuing such certificates for anything other than voluntary abortions. *Id.* The IJ then buttressed his adverse credibility determination by noting that while the background materials assert that persons who violate the family planning laws are fined, Huang made no such claim here. Again, this reliance on the 2001 USDOS Report was also proper, *Tu Lin,* 446 F.3d at 400, since it is Huang who bears the burden of proving past persecution. *See* 8 U.S.C. § 1158(b)(1)(B); *Diallo,* 232 F.3d at 284.

The IJ's findings that (1) Huang's assertion of a forced abortion was inconsistent with the Profile and the abortion certificate he submitted, and (2) his failure to assert being fined for violating family planning laws was inconsistent with the USDOS reports, go to the heart of his claim, as they refute his assertion that he and his fiancee violated China's family planning laws, and that she was forcibly aborted. *See Secaida–Rosales,* 331 F.3d at 309.

■ The IJ found implausible Huang's testimony that he left his fiancee while she was pregnant without securing her safety. We need not here decide whether this conclusion was permissible or speculative. *See Zhou Yun Zhang,* 386 F.3d at 74 (adverse credibility determination may not be based on "bald speculation or caprice"). Even if we were to identify error in this single finding, we can confidently predict that the agency would reach the same decision absent that particular finding; thus, remand is not required. *Xiao Ji*

*Chen,* 471 F.3d. at 339. The IJ's other findings are sufficiently supported by substantial evidence in the record, and concern matters that go to the heart of Huang's claimed fears. *See id.*

▮ The IJ's finding that Huang did not establish a well-founded fear of persecution is also supported by substantial evidence. Without establishing past persecution, Huang was not entitled to a presumption of a well-founded fear. While Huang averred a separate fear of persecution, *i.e.,* that he will be sterilized because he wishes to have two children with his fiancee, contrary to China's family planning laws, the IJ properly found this fear to be too speculative to merit relief. The IJ stated that Huang was unmarried, had no children, and at the time of hearing, only 21 years old. Because there is nothing in the record to indicate that persons similarly situated to Huang are subject to forced sterilization, the IJ's finding that his claim was speculative was proper. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (absent "solid support in the record for Huang's assertion that he will be subjected to forced sterilization, his fear is speculative at best").

▮ While Huang did not specifically claim that he would be subject to persecution if returned to China because he left illegally, the IJ nonetheless denied such claim. Huang neither raised that claim before the BIA nor in this petition, and we therefore deem it abandoned. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005).

▮ Moreover, because Chen's withholding and CAT claims depend upon the same factual predicate that he failed to establish for asylum, those claims for relief also fail. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).