09-3076-ag
Lin v. Holder

BIA
Gordon-Uruakpa, IJ
A098 714 662

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of March, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JOSEPH M. McLAUGHLIN,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

JUAN LIN,
> *Petitioner*,

v.                                          09-3076-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      Yu Zhang, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Allen W. Hausman, Senior
                     Litigation Counsel; Sharon M. Clay,
                     Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Juan Lin, a native and citizen of the People's Republic of China, seeks review of a June 22, 2009, order of the BIA, affirming the December 23, 2005, decision of Immigration Judge ("IJ") Vivienne Gordon-Uruakpa, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Lin*, No. A098 714 662 (B.I.A. Jun. 22, 2009), *aff'g* No. A098 714 662 (Immig. Ct. N.Y. City Dec. 23, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision. *See Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir. 2005) We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-

66 (2d Cir. 2008).[1]

Substantial evidence supports the IJ's adverse credibility determination.  In finding Lin not credible, the IJ noted that although she described two arrests in her asylum application, she testified to only one on direct examination.  *See Xiu Xia Lin*, 534 F.3d at 165-66.  When asked why she failed to mention the other, Lin claimed that she was nervous.  A reasonable factfinder would not be compelled to accept nervousness as an explanation for Lin's failure to mention one of the two arrests that allegedly drove her to flee her country and seek asylum.  *See Majidi v. Gonzales,* 430 F.3d 77, 80-81 (2d Cir. 2005).

Additionally, the IJ reasonably relied on Lin's inconsistent testimony regarding whether and when she stopped practicing Falun Gong.  While Lin testified that nothing happened to her in China after her 1999 arrest because she stopped practicing Falun Gong, a letter from her father stated that she was still practicing Falun Gong in

---

[1]  The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin*, 534 F.3d at 165.

3

2004. Again, although Lin claimed that she was nervous, the IJ did not err in rejecting that explanation. *See Majidi,* 430 F.3d at 80-81.

Lin argues for the first time in her brief to this Court that the IJ erred in making her adverse credibility determination because: (1) she failed to consider that the Chinese language is difficult to translate; and (2) she erred in relying on Lin's lack of doctrinal knowledge about Falun Gong in finding her not credible. We decline to consider these unexhausted arguments. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007). In any event, Lin points to no specific problem with the translation during her hearing and the transcript reveals no apparent translation issues. Moreover, it was Lin's inconsistent testimony, not her lack of doctrinal knowledge, that the IJ relied upon in finding Lin to be not credible.

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, we find that the IJ's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. Thus, the agency's denial of Lin's application for asylum was proper. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover,

because Lin based her claims for withholding of removal and CAT relief on the same factual predicate as her asylum claim, those claims necessarily fail.[2]  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] While Lin did not specifically address withholding of removal and CAT relief in her brief to the BIA, because she challenged the IJ's adverse credibility determination, which was dispositive of each of her claims, we decline the Government's invitation to dispose of these claims on exhaustion grounds.

5